**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| BIGFOOT CO-OP A INC., DBA, WESTLAND APARTMENTS,<br><br>*Plaintiff*,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>*Defendant*. | Case No. 2:24-cv-1016<br><br>State Court Case No. LACV115782 |

**NOTICE OF REMOVAL BY DEFENDANT
NATIONWIDE MUTUAL INSURANCE COMPANY**

Defendant Nationwide Mutual Insurance Company ("Nationwide") by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of the above-captioned matter from the Iowa District Court for Dubuque County, Case No. LACV115782 (the "Removed Case"), to the United States District Court for the Northern District of Iowa. Nationwide asserts the following grounds supporting removal:

**I.     Nature of the Instant Action and Relevant Background**

1.     This case allegedly arises from weather events that occurred on or about March 31, 2023, that occurred in West Burlington, Iowa.

2.     Plaintiff Big Foot Co-Op A Inc., DBA, Westland Apartments ("Plaintiff") alleges that it owns a set of five apartment buildings in West Burlington, Iowa, 52625 (the "Properties").

3.     Plaintiff alleges the Properties were insured under a policy of insurance issued by Nationwide (the "Policy"). *See* Ex. A**,** State Court Petition *¶ ¶* 5, 6.

4. Plaintiff further alleges that on or about March 31, 2023, a storm caused hail damage to the Properties, resulting in Plaintiff submitting a claim to Nationwide for damages sustained to the Properties. *See* Ex. A, ¶¶ 7, 8.[1]

5. Plaintiff alleges that based upon an evaluation of a public adjuster, the Properties suffered damages in the amount of $7,571,657.87. *See* Ex. A, ¶ 13.

6. Plaintiff alleges that Nationwide has delayed payment under the Policy, it failed to provide full coverage for the alleged property damages sustained by Plaintiff, it has under-scoped the damages to the Properties, and it has failed to perform its contractual duties to adequately compensate Plaintiff under the Policy. *See* Ex. A, ¶¶ 17, 18.

7. Arising out of the alleged loss, Plaintiff filed its Petition against Nationwide on March 12, 2024, alleging three causes of action against Nationwide: (1) breach of contract; (2) violations of the Iowa Insurance Code; and (3) common law fraud. *See* Ex. A, ¶ 19.

8. Plaintiff alleges that for its claim of breach of contract, it is entitled to regain the benefit of its bargain, which is the amount of its property damage insurance claims. *See* Ex. A, ¶ 41.

9. Plaintiff alleges that for noncompliance with the Iowa Insurance Code, Unfair Settlement Practices, it is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, and all other damages to which Plaintiff is entitled, including punitive and exemplary damages. *See* Ex. A, ¶ 42.

---

[1] Nationwide cites Plaintiff's allegations and requests for damages in the Petition solely for this Court's purposes in assessing the propriety of removal. This should not be construed as an admission of these allegations by Nationwide for any purpose.

10. Additionally, Plaintiff alleges that for noncompliance with the Iowa Insurance Code, it is entitled to the amount claimed, as well as ten (10) percent interest per annum on the amount of such claims as damages, together with attorneys' fees. *See* Ex. A, ¶ 43.

11. Plaintiff alleges that for breach of common law duty of good faith and fair dealing, it is entitled to compensatory damages, including all forms of loss resulting from the insurers' breach of duty, such as additional costs, economic hardship, loss due to nonpayment of the amount the insurers owed, exemplary damages, and damages for emotional distress. *See* Ex. A, ¶ 44.

12. Plaintiff alleges that for fraud, it is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs. *See* Ex. A, ¶ 45.

13. Plaintiff alleges that for prosecution and collection of the claims, it has been compelled to hire an attorney, and therefore, it is entitled to recover a sum for the reasonable and necessary services of an attorney. *See* Ex. A, ¶ 46.

14. Plaintiff seeks the following in its prayer for damages:

    i. Judgment against Defendants[2] for actual damages in an amount to be determined by the jury;

    ii. Statutory benefits;

    iii. Treble damages;

    iv. Exemplary and punitive damages;

    v. Pre-judgment interest as provided by law;

    vi. Post-judgment interest as provided by law;

    vii. Attorneys' fees;

---

[2] Nationwide assumes that this is meant to read Defendant, rather than Defendants, and merely cites this for the Court's understanding.

    viii. Costs of suit;

    ix. Such other and further relief to which it may be justly entitled. *See* Ex. A, Pgs. 7 – 8.[3]

## II.     <u>Service and Jurisdiction</u>

15.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) (3). As the Petition was first received by Corporation Service Company (CSC) on March 19, 2024, this Notice falls within the deadline for removal (*i.e.*, within 30 days of service).

16.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.     Diversity jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 for the following reasons:

    *a. Amount in Controversy*

In the Eighth Circuit, the removing party need only establish that the amount in controversy exceeds $75,000 by a "preponderance of the evidence." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017).

By reference to the breach of contract claim alone, Nationwide can establish to a preponderance of the evidence that the amount in controversy in this case exceeds the minimum jurisdictional threshold. Here, Plaintiff seeks to recover first party property damage insurance benefits for the amount of the losses related to the alleged damage to Plaintiff's Properties as a result of the weather event of March 31, 2023. *See* Ex. A, ¶¶ 7, 8. Although Plaintiff does not allege specific damages in its prayer for damages, it claims it suffered $7,571,657.87 worth of

---

[3] Nationwide cites Plaintiff's prayer for damages solely for this Court's purposes in assessing the propriety of removal. This should not be construed as an admission of these allegations by Nationwide for any purpose.

damage to the Properties. *See* Ex. A, ¶ 13. This figure, minus the deductible ($110,000), would equal $7,461,657.87. Accounting for Nationwide's alleged partial payment of $10,508.38, this contract claim is roughly $7,450,000. The claim for alleged compensatory damages alone, therefore, clearly satisfies the amount in controversy requirement.

Moreover, Plaintiff seeks punitive damages based on Nationwide's alleged fraud in its handling of Plaintiff's claims. *See* Ex. A, ¶ 45. "According to the Eighth Circuit, punitive damages are included in the amount in controversy." *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1103 (S.D. Iowa 2010) (noting "a court has 'greater discretion' in ascertaining the dollar amount in a claim for punitive damages, than that of actual damages"); *Armstrong v. American Pallet Leasing Inc.*, 678 F.Supp.2d 827, 882 (N.D. Iowa 2009) ("Punitive damages may be awarded for fraud.") (Citations omitted). Nationwide denies that punitive damages are recoverable in this case, but for purposes of evaluating whether the jurisdictional minimum is met here, punitive damages alone can satisfy the jurisdictional minimum. *See, e.g., Anderson v. Maytag Corp.*, 2007 WL 4110613, at *4 (S.D. Iowa Nov. 16, 2007) ("Further, as Anderson has asserted a claim for punitive damages, the amount in controversy meets the requisite amount."); *Feller*, 817 F. Supp. 2d at 1103 (citing, with approval, *Dow Agroscis. L.L.C. v. Bates*, 332 F.3d 323, 326 n.5 (5th Cir. 2003), where the Fifth Circuit held that the "mere availability" of punitive damages could satisfy the amount in controversy requirement). Given that Plaintiff did not plead specific damages in its prayer for relief, but has claimed approximately in excess of $7,450,000 worth of damage to the Properties, applying any multiplier to its base claim for contract-based policy benefits means Plaintiff alleges a punitive damages claim well over seven figures. *See Thornton v. AM. Interstate Ins. Co.*, 940 N.W.2d 1, 41 (Iowa 2020) (bad faith action; awarding punitive damages of $500,000

when compensatory damages were only $58,452.42). Plaintiff's claims for punitive damages place the amount in controversy even further beyond the $75,000 threshold.

### b. Diversity of Citizenship

The propriety of removal is determined by looking to the plaintiff's petition as it exists at the time of removal. *See Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 1087, 1092 (N.D. Iowa 1999) ("whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed . . . .").

According to the Petition, Plaintiff is a corporation organized under the laws of Iowa, with its principal place of business in Dubuque, Iowa. *See* Ex. A, ¶ 1. Plaintiff is, therefore, an Iowa citizen for purposes of the removal analysis. Nationwide, on the other hand, is not a citizen of Iowa. Instead, Nationwide is an Ohio corporation, with its principal place of business located in Columbus, Ohio. *See* Ex. B, 2023 NMIC Financial Report Excerpt.

Because the parties in interest here are of diverse citizenship and the amount in controversy exceeds $75,000, the United States District Court for the Northern District of Iowa has original diversity jurisdiction over this action. 28 U.S.C. § 1332(a)(1). This is true both at the time Plaintiff filed the Petition and as of the time of removal. *See Halsne*, 40 F. Supp. at 1092. Therefore, removal is proper under 28 U.S.C. § 1441(b).

### III. **Written Notice of this Notice of Removal**

18. Written notice of the filing of this Notice of Removal will be provided to the other parties as required by law.

19. A copy of this Notice of Removal will be promptly filed with the Clerk of the District Court for Dubuque County, Iowa, according to law.

20. Nationwide reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, Nationwide gives notice of removal of the above-captioned matter filed in the District Court of Dubuque County, Iowa, to the United States District Court for the Northern District of Iowa.

Dated: April 18, 2024

                                            Respectfully submitted,

                                            HOPKINS & HUEBNER, P.C.

                                            /s/ Alex Grasso
                                            Alex E. Grasso, AT0011862
                                            2700 Grand Avenue, Suite 111
                                            Des Moines, IA 50312
                                            Telephone: 515-244-0111
                                            Facsimile: 515-244-8935
                                            Email: agrasso@hhlawpc.com
                                            ATTORNEY FOR DEFENDANT
                                            NATIONWIDE MUTUAL INSURANCE
                                            COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, I filed the foregoing with the Clerk of the Court, and to the following parties, either by fax, electronic mail, or by placing the same in the United States mail, postage prepaid:

                                            */s/ Alex Grasso*
                                            Attorney for Defendant

Shawn W. Hodge, AT0015596
The Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

Email: Shodge@hodgefirm.com

Harley C. Erbe, AT002430
Erbe Law Firm
2501 Grand Avenue
Des Moines, Iowa 50313
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
Email: harleyerbe@erbelaw.com

ATTORNEYS FOR PLAINTIFF