IN THE IOWA DISTRICT COURT FOR DUBUQUE COUNTY

| | |
|---|---|
| BIGFOOT CO-OP A INC., DBA WESTLAND APARTMENTS,<br><br>    Plaintiff,<br><br>VS.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | PETITION AT LAW AND JURY DEMAND |

COMES NOW, Bigfoot Co-Op A Inc., DBA Westland Apartments (hereinafter referred to as "Plaintiff"), and sets forth its claims for relief and states:

### PARTIES

1. Plaintiff, Bigfoot Co-Op A Inc., DBA Westland Apartments is a corporation domiciled in Dubuque County, Iowa.

2. Defendant Nationwide Mutual Insurance Company is an insurance company engaging in the business of insurance in the State of Iowa. The Defendant may be served, and has been served, with process by serving One Nationwide Plaza I-35-305, Columbus, Ohio 43216.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court and the parties are diverse.

3. Venue is proper in this Court because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

### FACTS

4. Plaintiff owns the insured apartment buildings, which are specifically located at 507, 517, 519, 527, and 531 Vernon Street, West Burlington, Iowa 52655 (hereinafter the "Properties").

5. Plaintiff is the owner of Iowa Insurance Policy Number ACP CP013096479372

(hereinafter the "Policy"), which was issued by Defendant Nationwide Mutual Insurance Company.

6. Defendant sold the Policy insuring the Property to Plaintiff.

7. On or about March 31, 2023, the Properties suffered a covered cause of loss to the insured property from wind and hail.

8. On or about May 6, 2023, Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the hail and/or windstorm.

9. Upon information and belief, Defendant assigned number 556720-GO for this claim.

10. On or around July 21, 2023, Defendant's claims representative and estimator, Lee Fenimore, conducted an inspection of the Properties, and determined that Plaintiff had incurred covered damage to the Properties in the amount of $58,413.86.

11. On or around that date, Defendant issued a letter to Plaintiff in which it stated that its inspection had determined that Plaintiff's covered damages totaled $53,760.19, but that, since the Policy carried a deductible of $110,000, no payment would be issued as the found damages were below that deductible amount.

12. On or around May 19, 2023, Plaintiff retained a public adjuster, Semper Fi Public Adjusters Midwest, LLC ("Semper Fi"), to represent it in its claim against Defendant.

13. Semper Fi conducted an inspection of the Properties, and determined that Plaintiff had, in fact, incurred covered damage to the Properties in the amount of $7,571.657.87.

14. On July 24, 2023, Defendant issued a partial payment in the amount of $10,508.38.

15. Upon information and belief, Defendant's flawed and severely undervalued estimate of Plaintiff's covered damages under the Policy for the claim at issue in the Lawsuit was based upon Defendant's Claims Handling Guidelines, Estimating Guidelines, and Damage Assessment Guidelines, the adequacy, fairness, and accuracy of which are squarely at issue in this case.

16. To date, Defendant continues to delay in the payment for the damages to the property.  As

such, Plaintiff have not been paid in full for the damages to the Property.

17. Defendants set about to deny and/or underpay on properly covered damages. As a result of Defendants' unreasonable investigation of these claims, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claims were improperly adjusted. The mishandling of Plaintiff's claims has also caused a delay in its ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy.

18. Defendants failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff. Defendants' conduct constitutes a breach of the insurance contracts between Defendants and Plaintiff.

## CAUSES OF ACTION

19. Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Iowa Insurance Code, and common law fraud.

## BREACH OF CONTRACT

20. The Policies are valid, binding, and enforceable contracts between Plaintiff and Defendants.

21. Defendants' conduct constitutes a breach of the insurance contract made between Defendants and Plaintiff.

22. Defendants' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policies in question, and under the laws of the State of Iowa, constitutes a breach of Defendants' insurance contract with Plaintiff.

23. The Defendants' breach proximately caused Plaintiff's injuries and damages.

24. All conditions precedent required under the Policies have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

### NONCOMPLIANCE WITH IOWA INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

25. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Iowa Insurance Code, Unfair Settlement Practices. IOWA INS. CODE §§ 507B.4(1)(j).

26. Defendants failed to acknowledge and act reasonably promptly upon communications with respect Plaintiff's claim. IOWA INS. CODE §§ 507B.4(1)(j)(2).

27. Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the Policy. IOWA INS. CODE §§ 507B.4(1)(j)(3).

28. Defendant denied Plaintiff's claim following an unreasonable investigation of the claim. IOWA INS. CODE §§ 507B.4(1)(j)(4).

29. Defendant failed to affirm or deny coverage of the claim within a reasonable time after the proof of loss statement had been completed. Plaintiff's public adjuster submitted a sworn proof of loss to Defendant, which Defendant acknowledged on or around June 19, 2023 and stated it required additional time to make a determination on the claim. Defendant has, to date, not made any such determination known to Plaintiff. IOWA INS. CODE §§ 507B.4(1)(j)(4).

30. Defendant did not attempt in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claim in which their liability had become reasonably clear. IOWA INS. CODE §§ 504B.4(1)(j)(6).

31. Due to Defendant's offering of amounts that were substantially less than the amount

ultimately recoverable in this action, Plaintiff was compelled to institute litigation to recovery amounts due under the Policy. IOWA INS. CODE §§ 507B.4(1)(j)(7).

32. Defendants failed to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all necessary information. IOWA INS. CODE §§ 507B.4A(1)(b).

33. From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

## COMMON LAW FRAUD

34. Defendants are liable to Plaintiff for common law fraud.

35. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as it did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

36. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

37. The Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. The Defendants allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiff relied upon said statements in accepting the denial and/or underpayment of the claims, and suffered injury as a result.

## DAMAGES

38. Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendants' conduct. Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for its injuries, damages, and losses incurred and to be incurred. From the date of the occurrences in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Iowa law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, statutory interest, and exemplary damages.

39. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

40. The damages caused by the hailstorms and/or windstorms have not been properly addressed or repaired in the months since the storms, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

41. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claims.

42. For noncompliance with the Iowa Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, and all other damages to which Plaintiff is entitled including punitive and exemplary damages. IOWA INS. CODE §§ 507B.4(1)(j).

43. For noncompliance with Iowa Insurance Code, Prompt Payment of Claims, Plaintiff is entitled

to the amount claimed, as well as ten (10) percent interest per annum on the amount of such claims as damages, together with attorney's fees.  Iowa Ins. Code § 507b.4(p).

44. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurers' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurers owed, exemplary damages, and damages for emotional distress.

45. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

46. For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Iowa.

47. Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

48. Plaintiff requests a jury trial, and has tendered any and all requisite fees for such along with the filing of this petition.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendants for actual damages in an amount to be determined by the jury;
2) Statutory benefits;
3) Treble damages;
4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Michael E. Cooper*
Michael E. Cooper, AT0015843
Email: mcooper@hodgefirm.com
Shaun W. Hodge, AT0015596
Email: shodge@hodgefirm.com
THE HODGE LAW FIRM, PLLC
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

Harley C. Erbe, AT0002430
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
E-Mail: harleyerbe@erbelaw.com

**ATTORNEYS FOR PLAINTIFF BIGFOOT CO-OP A INC., DBA WESTLAND APARTMENTS**



PROPERTY AND CASUALTY COMPANIES - ASSOCIATION EDITION

# QUARTERLY STATEMENT
AS OF MARCH 31, 2023
OF THE CONDITION AND AFFAIRS OF THE

# NATIONWIDE MUTUAL INSURANCE COMPANY

NAIC Group Code __0140__ (Current) __0140__ (Prior)   NAIC Company Code __23787__   Employer's ID Number __31-4177100__

Organized under the Laws of __OHIO__, State of Domicile or Port of Entry __OH__

Country of Domicile __United States of America__

Incorporated/Organized __12/06/1925__   Commenced Business __04/14/1926__

Statutory Home Office __ONE WEST NATIONWIDE BLVD.__ (Street and Number), __COLUMBUS, OH, US 43215-2220__ (City or Town, State, Country and Zip Code)

Main Administrative Office __ONE WEST NATIONWIDE BLVD.__ (Street and Number)
__COLUMBUS, OH, US 43215-2220__ (City or Town, State, Country and Zip Code), __614-249-1545__ (Area Code) (Telephone Number)

Mail Address __ONE WEST NATIONWIDE BLVD., 1-14-301__ (Street and Number or P.O. Box), __COLUMBUS, OH, US 43215-2220__ (City or Town, State, Country and Zip Code)

Primary Location of Books and Records __ONE WEST NATIONWIDE BLVD., 1-14-301__ (Street and Number)
__COLUMBUS, OH, US 43215-2220__ (City or Town, State, Country and Zip Code), __614-249-1545__ (Area Code) (Telephone Number)

Internet Website Address __WWW.NATIONWIDE.COM__

Statutory Statement Contact __ANDREA D. IACOBONI__ (Name), __614-249-1545__ (Area Code) (Telephone Number)
__FINRPT@NATIONWIDE.COM__ (E-mail Address), __866-315-1430__ (FAX Number)

## OFFICERS

| | |
|---|---|
| PRESIDENT & COO - P&C   MARK ALLEN BERVEN | SVP & TREASURER   DAVID PATRICK LAPAUL |
| SVP & SECRETARY   DENISE LYNN SKINGLE | |

### OTHER

| | | |
|---|---|---|
| | JOHN LAUGHLIN CARTER, PRESIDENT & COO-NW FIN | |
| PAMELA ANN BIESECKER, SVP-HEAD OF TAXATION | | VINITA JANE CLEMENTS, EVP-CHIEF HRO |
| JAMES ROBERT FOWLER, EVP- CHIEF TECH OFFC | TIMOTHY GERARD FROMMEYER, EVP-CFO | MARK SHANNON HOWARD, EVP-CLO |
| RAMON JONES, EVP-CMO | MICHAEL WILLIAM MAHAFFEY, EVP-CHIEF STRAT OFFC | AMY TAYLOR SHORE, EVP-CHIEF CUSTOMER OFFC |
| KIRT ALAN WALKER, CEO | | |

### DIRECTORS OR TRUSTEES

| | | |
|---|---|---|
| CRAIG RICHARD ADAMS | PAMELA KAY MOSES BEALL | FRANK EDWARD BURKETT III |
| STEPHEN FRANCIS HIRSCH | MARC ALLEN HOWZE | MARY DIANE KOKEN |
| DEBORA ANN PLUNKETT | BRENT RINNER PORTEUS | JULIE ANNA POTTS |
| SUKU RADIA | MICHAEL JOSEPH TOELLE | SARA ALICIA MARTINEZ TUCKER |
| KIRT ALAN WALKER | SPARKY RAY WEILNAU | PAUL JEFFREY WENGER |
| JEFFREY WADE ZELLERS | | |

State of __OHIO__
County of __FRANKLIN__   SS:

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC Annual Statement Instructions and Accounting Practices and Procedures manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively. Furthermore, the scope of this attestation by the described officers also includes the related corresponding electronic filing with the NAIC, when required, that is an exact copy (except for formatting differences due to electronic filing) of the enclosed statement. The electronic filing may be requested by various regulators in lieu of or in addition to the enclosed statement.

| _(signature)_ | _(signature)_ | _(signature)_ |
|---|---|---|
| MARK ALLEN BERVEN   PRESIDENT & COO | DENISE LYNN SKINGLE   SVP & SECRETARY | DAVID PATRICK LAPAUL   SVP & TREASURER |

Subscribed and sworn to before me this __25th__ day of __APRIL 2023__

a. Is this an original filing? .................... Yes [ X ]  No [ ]
b. If no,
  1. State the amendment number ........
  2. Date filed ......................................
  3. Number of pages attached ............

ANDREW SWARTZEL
NOTARY PUBLIC • STATE OF OHIO
Comm. No. 2021-RE-839107
My Commission Expires Oct. 24, 2026